IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MILE RAIL, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-0116-CV-W-FJG |
| ) | |
| COMPASS BIG BLUE, LLC, JONATHON ) | |
| K. MARKOFF, and DENOVO GROUP ) | |
| HOLDINGS, INC., ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss Mile Rail LLC's Complaint for Failure to State a Claim (Doc. No. 14).

### I.   Background

Plaintiff filed a four-count Complaint (Doc. No. 1) on February 17, 2015.  Plaintiff alleges that it suffered damages as a result of defendants' failure to remediate pollution on property purchased by plaintiff.  Defendants in this matter are (1) Compass Big Blue, LLC; (2) Jonathon Markoff; and (3) DeNovo Group Holdings, Inc.  Plaintiff's causes of action against Defendants are as follows:  Count I:  Breach of Contract Against Defendant Compass Big Blue; Count II: Declaratory Judgment Pursuant to 28 U.S.C. § 2201 Against All Defendants; Count III:  Negligence Against All Defendants; and Count IV: Negligent Supervision Against Defendant Jonathon Markoff.

Plaintiff Mile Rail, LLC ("Mile Rail") is a limited liability company with its principal place of business at 8116 Wilson Road in Kansas City, Missouri.  Defendant Compass Big Blue, LLC ("Compass") is an Illinois limited liability company. Jonathon Markoff is an individual and a member or former member of Compass Big Blue, LLC.  DeNovo Group Holdings, Inc. ("DeNovo") is a Delaware corporation.

As alleged in plaintiff's complaint, in December 2010, Mile Rail and Compass entered into a real estate purchase agreement ("Agreement") for the purchase of the former GST Steel Property, located at 8116 Wilson Road in Kansas City, Missouri. Mile Rail purchased the property from Compass for $1,850,000.00. On December 3, 2010, Mile Rail and Compass entered into a Letter of Agreement Regarding Polychlorinated Biphenyl (PCBs) Cleanup Costs in Connection with the Former GST Steel Facility, Tract F-7 in Kansas City, Missouri ("Side Agreement"). The Side Agreement provided, in part: "Compass Big Blue, LLC hereby agrees that it shall pay for all transportation, disposal, management and remediation costs associated with the cleanup of PCB contamination contained within the 'Cleanup Area,'. . . ." Doc. No. 1, ¶ 13. Compass submitted its Notification & Certification of Self-Implementing Cleanup and Disposal of PCB Remediation Waste to the EPA in November 2011, and the EPA approved a revised version of the Notification and Certification. Doc. No. 1, ¶¶ 24-31. In August 2012, Compass sent a letter to EPA that due to other commitments, it had to defer the start of the remediation project and planned to commence work on September 10, 2012. Doc. No. 1, ¶¶ 32-33. Plaintiff alleges that after this letter was sent, Compass ceased any response actions pursuant to the approved Notification and Certification. Doc. No. 1, ¶ 35.

Thereafter, plaintiff alleges that EPA looked to plaintiff to implement response activities at the contaminated portions of the property, and that upon commencement of response activities plaintiff discovery that Compass and/or its consultant DeNovo took certain actions or inactions that resulted in Mile Rail incurring significantly more costs than otherwise necessary. Doc. No. 1, ¶ 37. Plaintiff alleges upon information and belief that Compass and/or DeNovo failed to delineate the full extent of the

contamination on the property, failed to properly secure or maintain open excavation areas on the property, and partially backfilled the excavation with soil from an unknown borrowed source without confirming that said source was also not contaminated. Doc. No. 1, ¶¶ 38-39, 42. Plaintiff alleges that, to-date, it has expended approximately $205,593.49 with respect to remediation of the property. Doc. No. 1, ¶ 51. Additionally, plaintiff alleges that it entered into an Asset Purchase Agreement with The Andersons, Inc. regarding the property, and pursuant to that Asset Purchase Agreement, plaintiff agreed to a remediation holdback of $150,000. Doc. No. 1, ¶¶ 52-53. To-date, the purchaser has refused to release the remediation holdback funds because the purchaser does not deem the remediation of the PCBs to be complete. Doc. No. 1, ¶ 54.

On May 22, 2015, defendants filed their motion to dismiss (Doc. No. 14). Defendants seek dismissal of Count II against Defendants DeNovo Holdings, Inc. and Jonathon Markoff; Count III against all defendants; and Count IV against Defendant Jonathon Markoff. Defendants argue, with respect to Count III, that plaintiff is attempting to convert its breach of contract claims into tort claims merely by alleging that the acts leading to the breach were negligently done, which is impermissible under Missouri law. Additionally, defendants argue that plaintiff can only sue the party with whom it contracted for breach of contract. Furthermore, defendants assert that Count II, seeking a declaratory judgment, is contingent upon a finding of liability under one of the other counts, and since plaintiff fails to state a claim against Markoff and DeNovo in Counts III and IV, Count II should be dismissed as to those defendants as well.

3

**II.     Standard**

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff must include sufficient factual information to provide grounds on which the claim rests, and to raise a right to relief above a speculative level. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

**III.     Defendants' Motion to Dismiss (Doc. No. 14)**

A.  Compass Big Blue, LLC

Defendant Compass argues that plaintiff cannot bring negligence claims against it, as plaintiff's claims are for failure to adequately perform work pursuant to a contract; therefore, plaintiff's claims are for breach of contract.  Under Missouri law, the fact "[t]hat plaintiff alleged that the acts constituting the breach were negligently done does not change the fact that the liability arises from contract and not from tort." Sveum v. J.

4

Mess Plumbing, Inc., 965 S.W.2d 924, 926 (Mo. Ct. App. 1998); see also Miller v. American Ins. Co., 439 S.W.2d 238, 241 (Mo. Ct. App. 1969) (same); State ex rel. Cummins Missouri Diesel Sales Corp. v. Eversole, 332 S.W.2d 53, 58 (Mo. Ct. App. 1960) (same). Where the source of the duty owed to plaintiff is from a contract, the failure to properly perform by the defendant is a failure to discharge the agreement, and is solely a breach of contract. Miller, 439 S.W.2d at 241. Here, defendant argues that plaintiff supports its negligence allegations by arguing that the acts or omissions constituting a breach of contract were negligently done. See Doc. No. 1, ¶ 60 (alleging that Compass failed to fulfill its contractual obligation to undertake the remediation of PCB contamination); Doc. No. 1, ¶ 74 (alleging that Compass and the other defendants breached their duties by negligently investigation and remediating the contamination). Therefore, Compass argues that Count III should be dismissed as against it.

In response, plaintiff argues that defendant Compass had a duty independent of the Agreement and Side Agreement to not further contaminate portions of the site. Plaintiff argues that if a duty exists separate and apart from the duties arising under a contract, tort liability can be imposed. Davidson v. Hess, 673 S.W.2d 111, 113 (Mo. Ct. App. 1984) (finding that in the landlord-tenant context, plaintiff could bring a tortious conversion claim when alleging landlord kept her possessions). Plaintiff claims this action is similar to Davidson, in that while there was a duty under the contract to remediate the existing contamination, the tort claims arise from an entirely separate duty, the duty to not contaminate or further contaminate the property.

In reply, defendants note that Davidson case is distinguishable from the present matter because in Davidson, the Court found that the plaintiff had a claim for tortious conversion because the landlord-tenant contract established a special relationship or

5

status between the parties, and by virtue of that status, the law imposes a separate extra-contractual duty on one of the parties. Davidson, 673 S.W.2d 111, 112-13 (Mo. Ct. App. 1984). Here, the Agreement and Side Agreement establish no such special relationship, such as landlord-tenant, from which a special duty arises. Additionally, defendants argue that the "duty to not further contaminate the property" is not separate from the "duty to adequately remediate the property," and is instead an example of how defendants allegedly breached the contract.

The Court finds that plaintiff's negligence claims must be dismissed, as the "duty to not further contaminate the property" is not separate from the "duty to adequately remediate the property." Plaintiff's claims derive solely from the Agreement and Side Agreement at issue in this case. Therefore, defendant's motion to dismiss (Doc. No. 14) is **GRANTED** as to defendant Compass on Count III of the Complaint.

B.  DeNovo Group Holdings and Jonathon Markoff

Defendants also argue that any breach of contract or negligence claims against DeNovo Group Holdings or Jonathon Markoff must be dismissed. Defendants note that breach of contract claims may not extend beyond the party with whom plaintiff contracted. Grgic v. Cochran, 689 S.W.2d 687, 690 (Mo. Ct. App. 1985) (noting that dismissal of claims against a subcontractor was proper whether viewed as contract or tort claims, as the plaintiff's remedy would be to sue the original contractor in the absence of privity of contract); East v. Galebridge Custom Builders, Inc., 839 S.W.2d 720, 722 (Mo. Ct. App. 1992); Captiva Lake Invs. LLC v. Ameristructure, Inc., 436 S.W.3d 619, 627 (Mo. Ct. App. 2014) (finding "a defendant who has contracted with another owes no duty to a plaintiff who was not party to the contract, nor can that plaintiff sue for the negligent performance of the contract"). Here, plaintiff has pled that

6

DeNovo was acting as a consultant on the project, and has not pled that DeNovo was a party to the contract. Similarly, plaintiff has only pled that Markoff was a former member of Compass Big Blue, and has not alleged that Markoff was a party to the contract. Therefore, defendants argue that Counts II and III against DeNovo Group and Markoff should be dismissed in their entirety.

In response, plaintiff argues (as it did with defendant Compass) that defendants DeNovo and Markoff had a separate duty to not further contaminate portions of the site, and therefore plaintiff has stated a tort claim against them. However, as stated above, the duties allegedly violated in this case all arise from the contract between plaintiff and defendant Compass. Plaintiff has not pled privity of contract between it and Markoff or DeNovo Group. Therefore, Counts II and III must be dismissed as to Markoff and DeNovo Group.

### C. Jonathon Markoff – Negligence and Negligent Supervision

Defendants also argue that the claims against Markoff should be dismissed for additional reasons. In particular, defendants argue that plaintiff has failed to plead facts supporting the elements of its claims for negligence (Count III) and negligent supervision (Count IV).

With respect to negligence, plaintiff must plead facts supporting these elements: (1) the defendant had a duty to protect the plaintiff from injury; (3) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injury. Whipple v. Allen, 324 S.W.3d 447, 451 (Mo. Ct. App. 2010). Although plaintiff has stated the elements of such cause of action (see Doc. No. 1, ¶¶ 69, 74, and 75), plaintiff has not pled facts regarding any actions taken by Mr. Markoff that were independent of the actions of Compass Big Blue (and, as noted by plaintiff, the only separate factual

7

allegation relating to Markoff is that he is "an individual and member or former member of Compass Big Blue, LLC," Doc. No. 1, ¶ 3). Additionally, members of an LLC are shielded under Missouri law from personal liability unless plaintiff has pled circumstances in which piercing the corporate veil is permitted. Hibbs v. Berger, 430 S.W.3d 296, 306 (Mo. Ct. App. 2014). Plaintiff has not pled the elements necessary to pierce the corporate veil.

In response, plaintiff asserts that it has pled that Markoff engaged in independent wrong-doing, namely authorizing and knowing of the use of the contaminated borrowed source of fill, exposing him to individual liability. See Doc. No. 1, ¶¶ 71-73. However, as noted by defendants in their reply, plaintiff has simply pled that Markoff "took part" in or authorized "wrongdoing," instead of pleading the elements of piercing the corporate veil, which are: (1) control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of. Hibbs, 430 S.W.2d at 306. Accordingly, for this additional reason, Count III of the Complaint must be dismissed against Markoff.

With respect to the negligent supervision claim, defendant notes that plaintiff has pled that Markoff had a duty to ensure that DeNovo conducted a proper investigation and remediation of the property, and Markoff breached that duty and failed to supervise DeNovo. Doc. No. 1, ¶¶ 80-83. Defendant notes that, typically, negligent supervision

8

claims arise in the context of claims made against an employer for failing to oversee its employee who is acting outside the scope of his or her employment. Harmon v. H&R Block Tax and Bus. Servs., Inc., No. 4:13CV116JCH, 2013 WL 1769107, *2 (E.D. Mo., April 24, 2013). Here, defendant Markoff notes that there is no allegation in the complaint that a master/servant or employer/employee relationship existed between Markoff and DeNovo Group. Additionally, defendant argues that plaintiff's allegation that DeNovo Group was a "consultant" to Compass precludes a negligent supervision claim, since a consultant is a type of independent contractor. Doc. No. 1, ¶ 37; Sakabu v. Regency Constr. Co., Inc., 392 S.W.3d 494, 499 (Mo. Ct. App. 2012) (finding that is no cause of action for negligent supervision for failure to control an independent contractor). Further, there is no allegation that Markoff could have foreseen that DeNovo Group would act outside the scope of his alleged employment.

In response, plaintiff argues that negligent supervision claims can arise outside the employer/employee context, such as parent/child, grandparent/child, teacher/child, and babysitter/child. Plaintiff also argues that defendants fail to recognize that Markoff was not only the Chief Executive Officer of Compass Big Blue, LLC, but that he is also the Chief Executive Officer for DeNovo (a fact not pled in the Complaint). Plaintiff also indicates that, if the Court deems the negligent supervision claim to be inadequately pled, plaintiff is willing to file an Amended Complaint with factual content to support such a claim.

In reply, defendant does not dispute that negligent supervision claims can arises in relationships other than employer/employee. However, plaintiff has failed to plead <u>any</u> relationship between Markoff and DeNovo in the complaint that could give rise to a claim of negligent supervision. Again, defendant notes that plaintiff would have to plead

9

and prove that (1) DeNovo Group employees acted "outside the scope" of their alleged employment, (2) Markoff, through his role at DeNovo group, could have and should have exercised control over those actions, and (3) that Markoff could have or should have foreseen that DeNovo Group employees would act outside the scope of their alleged employment. See Harmon, 2013 WL 1769107, *2. Defendant notes that if anything, plaintiff's description of events reflects employees who were acting within the scope of their employment. Complaint, Doc. No. 1, ¶¶ 8-55.

For all the reasons stated by defendants, the Court finds that plaintiff's claims for negligent supervision in Count IV of the Complaint must be dismissed.

**IV.    Conclusion**

Accordingly, for the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 14) is **GRANTED**. Count II of the Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE** in part as to Defendants DeNovo and Markoff, and Counts III and IV are **DISMISSED WITH PREJUDICE** in full.

**IT IS SO ORDERED**.


Date:  August 18, 2015                                   **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                    Fernando J. Gaitan, Jr.
                                                         United States District Judge